Smith, J.
— “ The decree must be reversed. The order directed to the complainants by Corning & Co., did not authorise Ward to accept from the former a note payable to himself, and his doing so did not bind Corning & Co. The receipt of a note for a precedent debí is not a payment, and an agent sent to collect such debt has no authority to give a discharge upon the receipt of a note or bill. Ward v. Evans, 2 Ld. Raym. 928; Salk. 442; Sykes v. Giles, 5 Mees. & Welsh. 645. Upon the same principle, it was held by this Court in Miller v. Edmonston, 8 Elackf. 291, that when notes are placed in the hands of an attorney at law for collection, the attorney has no authority to cancel them upon the receipt of new notes given by the debtors, and that the owners are not thereby barred from bringing suits on the original notes against the makers. An agent with limited powers, must conform strictly to such powers, or his principal will not be bound. Ward, as the agent of Corning & Co., was an thorised to receive payment of their account and receipt therefor. The taking a note, in his own name, payable at a future day, was an attem.pt to transfer the debt to himself, with a postponement of the right to enforce payment. It can, in no sense, be considered & payment of their debt by Strong & Miller, and they were not author-ised by the order of Corning & Co., to consider Ward as the; agent of the latter for any other purpose than to receive such payment.”
Decree reversed, and cause remanded with instructions to the Circuit Court to dismiss the bill.